IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WADE T. ITAGAKI, | ) | CIVIL NO. 09-00110 SOM/LEK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT'S |
| | ) | MOTION FOR ATTORNEY'S FEES |
| vs. | ) | |
| | ) | |
| CLAYTON FRANK, | ) | |
| STATE OF HAWAII, | ) | |
| JOHN AND/OR JANE DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES

I.     INTRODUCTION.

On February 25, 2011, Defendant Clayton Frank filed a
motion for attorney's fees under 42 U.S.C. § 1988.  See "Mot.",
ECF No. 85.  Pursuant to Local Rules 7.2(d) and 54.3(f), this
court finds this matter suitable for disposition without a
hearing.  After reviewing the parties' submissions and relevant
case law, this court denies Frank's motion for attorney's fees.

II.    FACTUAL BACKGROUND.

On February 9 and 10, 2011, this court held a jury
trial on Plaintiff Wade T. Itagaki's 42 U.S.C. § 1983 claim
against Clayton Frank and negligence claim against the State of
Hawaii.  See ECF No. 72.  Itagaki alleged that in 2006 he was
detained in prison for three months after the prison should have
released him.  He sued Frank in his individual capacity as the
State of Hawaii's Department of Public Safety Director.  During
trial, Frank testified that he did not become Director of the

Department of Public Safety until 2007.  <u>See</u> Trial Transcript,
Feb. 9, 2011 at 20:12-14, ECF No. 96.

The court granted Frank's motion for judgment as a
matter of law, as he was not the Director in 2006, when Itagaki's
injuries occurred.  <u>See</u> ECF No. 72.  Accordingly, the jury
deliberated over only the negligence claim against the State.
<u>See</u> <u>id.</u>  On February 10, 2011, the jury returned a unanimous
verdict for Itagaki against the State, awarding him $83,000 in
damages.  <u>See</u> ECF No. 80.

On February 25, 2011, Frank filed a motion for
attorney's fees, seeking an award of $12,660.  <u>See</u> ECF No. 85.
On the same day, Itagaki filed an opposition to the motion.  <u>See</u>
ECF No. 86.[1]  As the parties have not reached an agreement under
Local Rule 54.3(b), <u>see</u> ECF No. 88, this court now considers the
motion for attorney's fees.

III.    <u>ANALYSIS.</u>

Frank moves for attorney's fees under 42 U.S.C. § 1988.
Section 1988(b) provides, in relevant part:  "In any action or
proceeding to enforce a provision of section[] . . . 1983, the
court, in its discretion, may allow the prevailing party, other

---

[1] Plaintiff's counsel is reminded to adhere to Local Rule
54.3(f) for future responsive memoranda regarding attorney's fee.
Local Rule 54.3(f) states in pertinent part: "The responsive
memorandum in opposition to a motion for attorneys' fees and
related non-taxable expenses shall identify with specificity all
disputed issues of law and fact, each disputed time entry, and
each disputed expense item."  Local Rule 54.3(f).

than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). While Itagaki was the prevailing party with respect to claims against the State, Frank was clearly the prevailing party with respect to Itagaki's claims against Frank.

Frank argues that he should be awarded attorney's fees because Itagaki's claim against him was meritless and without foundation. Mot. at 2. A district court may award attorneys' fees to a prevailing defendant only if the action brought is found to be unreasonable, frivolous, meritless, or vexatious. See Fabbrini v. City of Dunsmuir, 631 F.3d 1299, 1302 (9th Cir. 2011); Edgerly v. City & Cnty. of S.F., 599 F.3d 946, 962 (9th Cir. 2010); Alaska Right to Life Political Action Comm. v. Feldman, 504 F.3d 840, 852 (9th Cir. 2007). "A case may be deemed frivolous only when the 'result is obvious or the . . . arguments of error are wholly without merit.'" Karam v. City of Burbank, 352 F.3d 1188, 1195 (9th Cir. 2003); see also Galen v. Cnty. of L.A., 477 F.3d 652, 666 (9th Cir. 2007). An unsuccessful § 1983 claim is without merit only if it is "groundless or without foundation." Gibson v. Office of Atty. Gen., State of Cal., 561 F.3d 920, 929 (9th Cir. 2009). This strict standard serves to uphold "Congress' policy of promoting vigorous prosecution of civil rights violations under . . . § 1983." Miller v. L.A. Cnty. Bd. of Educ., 827 F.2d 617, 619 (9th

Cir. 1987) (citations omitted).

Frank fails to demonstrate that Itagaki's claim against him rose to the level of being frivolous, unreasonable, or without foundation. Frank argues that Itagaki unnecessarily kept him in the case, forcing Frank to defend himself up to and including the time of trial. See Mot. at 4. While Itagaki's counsel did overlook the fact that Frank was not the Director in 2006, he did not make a completely frivolous or unreasonable mistake. In 2006, Frank was the warden of the correctional facility in which Itagaki was held. Frank later became the Director. It appears likely that Frank would have been a trial witness even had he not been a named party. The confusion as to timing, standing alone, does not amount to complete frivolousness. At worst, there was an error. Errors are not per se frivolous.

Frank claims that had Itagaki served him with any discovery request or conducted Frank's oral deposition, Itagaki would have realized that someone other than Frank was the Director at the relevant time. See Mot. at 3. But Frank's counsel also could have moved to dismiss Frank on this ground long before trial. The court notes that, in Defendants' Motion for Summary Judgment, Frank did argue that he was not a participant or cause of Itagaki's injuries. See Mot. for Summ. J. at 6-7, ECF No. 21. Frank, however, failed to specifically

argue that he was not the Director at the time of the incident. Instead, Frank focused on the absence of respondeat superior liability and argued that he was not responsible for the recklessness of other Defendants.  See id.  Thus, Frank himself failed to notify the court that he was not the Director for the relevant time period.  Frank may have made a strategic decision to be silent on this point so that Itagaki would not correct his error.  Having benefitted by then obtaining judgment as a matter of law during trial, Frank is unpersuasive in arguing that he was damaged.

The court is particularly reluctant to award fees to Frank when it appears little, if any, of the fee amount claimed is specifically and separably attributable to Frank's presence as a Defendant.  Frank and the State took common positions and were represented by the same deputy attorney general.  If Frank's attorney's fees are paid, even in part, it will be hard to distinguish that fee award from an award to the State, which, as the losing party, is not entitled to fees.

IV.     CONCLUSION.

For the foregoing reasons, the court denies Defendant Frank's motion for attorney's fees.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 29, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge


Itagaki v. Frank, et al., Civ. No. 09-00110 SOM/LEK; ORDER DENYING DEFENDANT'S
MOTION FOR ATTORNEY'S FEES.