IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WADE T. ITAGAKI, | ) | CIVIL NO. 09-00110 SOM-RLP |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANT STATE |
| | ) | OF HAWAII'S MOTION TO STAY |
| vs. | ) | EXECUTION OF JUDGMENT PENDING |
| | ) | APPEAL |
| | ) | |
| CLAYTON FRANK, STATE OF | ) | |
| HAWAII, AND JOHN AND/OR JANE | ) | |
| DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANT STATE OF HAWAII'S MOTION
TO STAY EXECUTION OF JUDGMENT PENDING APPEAL

Before the Court is Defendant State of Hawaii's ("Defendant") Motion to Stay Execution of Judgment Pending Appeal ("Motion to Stay"), filed on May 31, 2011.  Defendant requests that execution of the $83,000 money judgment against it be stayed pending resolution of its pending appeal to the United States Court of Appeals for the Ninth Circuit.  Plaintiff Wade T. Itagaki ("Plaintiff") filed his Memorandum in Opposition to Defendant State of Hawaii's Motion to Stay Execution of Judgment Pending Appeal ("Opposition") on June 2, 2011.  Defendant filed its Reply on June 3, 2011.  The Court finds this matter suitable for disposition without a hearing pursuant to LR 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii.  After carefully considering the parties'

submissions and the record established in this action, the Court GRANTS Defendant's Motion to Stay.

## BACKGROUND

A jury trial was held in this matter in February 2011. On February 10, 2011, the jury returned a unanimous verdict in favor of Plaintiff against the State, awarding him $83,000 in damages. See Docket No. 83. Judgment was entered in favor of Plaintiff for $83,000 on February 11, 2011 ("Judgment"). Docket No. 84. Defendant filed a notice of appeal to the Ninth Circuit on March 10, 2011. Docket No. 92. Plaintiff filed a notice of cross-appeal on March 24, 2011. Docket No. 101. The appeal and cross-appeal are currently pending.

On March 31, 2011, the parties put the terms of a settlement on the record and executed a settlement agreement ("Settlement Agreement"). See Docket No. 107; Ex. A to Opp. Under the Settlement Agreement, Defendant agreed to withdraw its appeal and pay Plaintiff the full amount of the Judgment in exchange for Plaintiff's withdrawal of his cross-appeal and waiver of any claims for attorneys' fees, costs, or interest on the Judgment. See Ex. A to Opp. The Settlement Agreement specifies that the $83,000 was to be appropriated by the 2011 Hawaii State Legislature. Id. at 1. The Settlement Agreement states that if the $83,000 was not appropriated, the agreement to dismiss the pending appeal and cross-appeal was to be set aside. Id. at 1-2.

The 2011 Hawaii State Legislature did not appropriate any funds to pay legal judgments against the state. Mem. In Support of Mot. to Stay at 1-2; Opp. at 3. The Motion to Stay requests that this Court stay any execution on the Judgment while the parties' appeals are pending. Plaintiff contends that a stay is not appropriate in this case and Defendant should be required to post a supersedeas bond pursuant to Federal Rules of Civil Procedure Rule 62(d) if it wants to obtain a stay.

### DISCUSSION

Generally, Federal Rules of Civil Procedure Rule 62(d) requires the posting of a supersedeas bond in order to obtain a stay of a money judgment pending appeal. See Townsend v. Holman Consulting Corp., 881 F.2d 788, 796-97 (9th Cir. 1989), vacated on reh'g on other grounds, 929 F.2d 1358 (9th Cir. 1990) (en banc); see also U.S. v. Cowan, 535 F. Supp. 2d 1135, 1147 (D. Haw. 2008). "The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution." Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1505 n.1 (9th Cir. 1987); Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n, 636 F.2d 755, 760 (D.C. Cir. 1980)(same).

However, "the district court has broad discretionary power to waive the bond requirement if it sees fit." Townsend, 881 F.2d at 796-97. The court may grant a stay of execution without requiring a bond if the court finds that the appellee's interests are adequately protected. See Acacia Research Corp. v.

Nat'l Union Fire Ins. Co., No. 05-501, 2008 WL 4381649, at *2 (C.D. Cal. Sept. 9, 2008) (citing Am. Color Graphics, Inc. v. Travelers Prop. Cas. Ins. Co., No. 04-3518, 2007 WL 1520952, at *1 (N.D. Cal. May 23, 2007)).

In determining whether the appellee's interests are adequately protected, the court can consider various criteria: "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial position that the requirement to post a bond would place other creditors of the defendant in an insecure position." United States v. Boyce, 148 F.Supp. 2d 1069, 1096 (S.D. Cal. 2001) (citing Dillon v. City of Chicago, 866 F.2d 902, 904-05 (7th Cir. 1988)); see also Wu v. Doucette, No. EDCV07-01584-VAP(OPx), 2010 WL 3368118, at *2 (C.D. Cal. Aug. 25, 2010) (same); Moore's Federal Practice § 62.03[2] (3d ed. 2011) (same) (citations omitted).

Here, Defendant has not posted or offered to post a bond. Instead, Defendant argues that the posting of a bond is only required in "normal circumstances" where there is a likelihood that the debtor will be unable or unwilling to satisfy the judgment on final disposition. Reply at 2 (citing Cowan, 535

4

F. Supp. 2d at 1147). Defendant contends that these are not normal circumstances because the state legislature has never before failed to appropriate funds to pay legal judgments or settlements. Id. at 3. Defendant asserts that there is no question that it has sufficient assets to pay the $83,000 judgment. Id. Alternatively, Defendant argues that it is entitled to a stay under Rule 62(f), which provides that a debtor is entitled to a stay of execution if the judgment would result in a lien on the property of the judgement debtor and the judgment debtor would be entitled to a stay pursuant to state law. Fed. R. Civ. P. 62(f). Defendant contends that under Hawaii Revised Statutes Section 636-3, any money judgment of "the United States District Court for the District of Hawaii shall be a lien upon real property." Reply at 3 (quoting H.R.S. § 636-3). Defendant also contends that Hawaii Rules of Civil Procedure provide that, when an appeal is taken by the state, the judgment is automatically stayed and the state is not required to post a bond. Reply at 3-4 (quoting Haw. R. Civ. P. 62(e)).

      Based on the circumstances in this case, the Court finds that Plaintiff's interests are adequately protected without a bond. Although the 2011 Hawaii State Legislature did not appropriate funds during the 2011 session, there is no evidence that the Defendant will not have funds available to pay the Judgment upon final disposition. Defendant represents that the legislature's failure to appropriate the funds was an anomaly

that has not occurred before in Hawaii.  Additionally, the Court finds that the settlement agreement entered into between the parties indicates Defendant's willingness to pay the Judgment after appeal, if required.  Accordingly, the Court GRANTS Defendant's Motion to Stay.

## CONCLUSION

In accordance with the foregoing, the Court GRANTS Defendant's Motion to Stay.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 12, 2011

_____
Richard L. Puglisi
United States Magistrate Judge


**ITAGAKI v. CLAYTON FRANK; CIVIL NO. 09-00110 SOM-RLP; ORDER GRANTING DEFENDANT'S MOTION TO STAY EXECUTION OF JUDGMENT PENDING APPEAL**